UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KYLE ROHRIG,

      **Plaintiff,**

  v.                                  Civil Action 2:21-cv-1843
                                        Judge Michael H. Watson
                                        Magistrate Judge Chelsey M. Vascura

OFFICER NEIL GRANT, *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Kyle Rohrig, proceeding *pro se,* did not appear for the Court's July 29, 2021 preliminary pretrial conference, and has since taken no action in this case. (*See* ECF No. 12.) The Court ordered him to show cause why he failed to call in for the conference, and to demonstrate good cause for his failure to notify the Court and Defendants of his absence in advance. (*Id.*) In that Show Cause Order, the Court noted that in another case before this Court, *Rohrig v. City of Westerville*, 2:20-cv-859 ("The 859 Case"), Plaintiff also failed to appear for two scheduled Court conferences. (*See* ECF No. 12 (citing The 859 Case, ECF Nos. 11 and 18).) Further, in The 859 Case, Plaintiff failed to demonstrate good cause for failing to appear at one of the conferences. (The 859 Case, ECF No. 20 at PAGEID # 144.) Given this, in its July 29, 2021 Show Cause Order, the Court warned Plaintiff that failure to comply within 14 days could result in sanctions, including the sanction of dismissal of the action for failure to prosecute. (*Id.*) Nineteen days have passed, and Plaintiff has failed to comply with the Court's Show Cause Order. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be

**DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## I.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A district court has the authority to dismiss an action under Rule 41(b) when it has put a party "on notice that further noncompliance would result in dismissal."  *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"  *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).  The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## II.

Here, Plaintiff failed to comply with the Court's Order that he appear for a telephone conference and subsequently failed to respond to this Court's July 29, 2021 Show Cause Order (ECF No. 12). Moreover, as noted above, in another case before the undersigned in this Court, Plaintiff also failed to appear for two scheduled conferences and was unable to demonstrate good cause for failing to appear at one of the conferences. (The 859 Case, ECF Nos. 11, 18, and 20 at PAGEID # 144.) Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). And significantly, Plaintiff was explicitly cautioned that failure to comply with the July 29, 2021 Show Cause Order could result in "the sanction of dismissal of this action for failure to prosecute." (ECF No. 66 at PAGEID # 66.); *see also Stough*, 138 F.3d at 615. Because Plaintiff has missed deadlines and disregarded Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. It is therefore **RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within 14 days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

3

authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE